UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES REID,                              Case No. 23-11358
                        Plaintiff,
v.                                         Sean F. Cox
                                           Chief United States District Judge
TRISTAN SHOUDY, *et al.*,
                        Defendants.        Curtis Ivy, Jr.
_____/           United States Magistrate Judge

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL (ECF No. 22)

Plaintiff Reid sues the City of Port Huron and Port Huron police officers in

connection with an arrest.  He raises *Monell* and Fourth Amendment excessive

force claims.  Before the Court is Plaintiff's motion to compel against the police

officers for documents and responses to interrogatories.  The Defendants argue that

much of what Plaintiff seeks is protected by the deliberative process privilege and

under *Garrity v. New Jersey*, 385 U.S. 493 (1967).  The motion was referred to the

undersigned.  (ECF No. 23).  For the reasons below, the motion is **GRANTED**.

A.      Governing Discovery Principles

"Parties may obtain discovery related to any nonprivileged matter relevant to

any party's claim or defense and proportional to the needs of the case, considering

the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P.

26(b)(1).  Information within this scope of discovery need not be admissible in

evidence to be discoverable.  *Id.*  "Although a [party] should not be denied access

to information necessary to establish her claim, neither may a [party] be permitted

to 'go fishing,' and a trial court retains discretion to determine that a discovery

request is too broad and oppressive."  *Superior Prod. P'ship v. Gordon Auto Body*

*Parts Co*., 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v.*

*Greyhound Lines, Inc*., 474 F.3d 288, 305 (6th Cir. 2007)).  A party seeking

discovery may move for an order compelling an answer, designation, production,

or inspection.  Fed. R. Civ. P. 37.

B.    IA Records, Personnel Files, Disciplinary Records, and *Garrity*

Plaintiff's request for production ("RFP") 2 asks for Defendants' *Garrity*

statements.  RFPs 1, 9, 12, 13, 14, and 22 seek any internal affairs investigation

documents about the incident, personnel files, and discipline records.

A *Garrity* statement is a statement made during an internal investigation.  In

*Garrity*, the Supreme Court held that the Fifth Amendment prohibited the state

from using police officers' statements obtained during an internal department

investigation, while under threat of removal from office, in subsequent criminal

proceedings.   385 U.S. at 500; *Keating v. City Waukegan*, 2024 WL 2882581, at

*7 (N.D. Ill. June 7, 2024).

Defendants assert that their *Garrity* statements are the kinds of statements subject to the protections of the Fifth Amendment.  (ECF No. 24, PageID.197-98). Defendants are incorrect.  This protection against self-incrimination does not apply in the civil context.  *See Perry v. City of Pontiac*, 2012 WL 161973, at *4 (E.D. Mich. Jan. 19, 2012) ("By its terms, the Fifth Amendment right against self-incrimination applies to criminal cases.") (citations omitted); *Campbell v. Mack*, 2017 WL 5150883, at *6 (E.D. Mich. Nov. 7, 2017) ("In *Garrity*, the Supreme Court held that a police officer's statement obtained during an internal investigation under the threat of removal from office could not be used in a subsequent criminal proceeding.  The instant matter, however, is not a criminal proceeding.  Moreover, there is no assertion that Defendants [ ] gave their statements under a threat of termination.").  Defendants provided no other justification for withholding responsive documents.

Defendants must provide supplemental responses to RFP 2 **within 14 days** of this Order.

Defendants assert the deliberative process privilege in response to RFPs that seek internal investigation documents and discipline records.  The deliberative process privilege protects "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which

3

governmental decisions and policies are formulated." *NLRB v. Sears, Roebuck &*

*Co.*, 421 U.S. 132, 149 (1974).  It is a privilege of limited scope.

> To come within [the] deliberative process privilege, a
> document must be both "predecisional," meaning it is
> "received by the decisionmaker on the subject of the
> decision prior to the time the decision is made," and
> "deliberative," the result of the consultative process.
> Although this privilege covers recommendations, draft
> documents, proposals, suggestions, and other subjective
> documents that reflect the opinions of the writer rather
> than the policy of the agency, the key issue in applying
> this exception is whether disclosure of the materials
> would expose an agency's decisionmaking process in
> such a way as to discourage discussion within the
> agency.

*Rugiero v. Dep't of Justice*, 257 F.3d 534, 550 (6th Cir. 2001) (internal quotations

and citations omitted); *see also Kelly v. City of San Jose*, 114 F.R.D. 653, 658-59

(N.D. Cal. 1987) ("[T]he rationale that supports this privilege should fix the limits

of its reach.  The 'deliberative process' privilege should be available only to

communications that contribute to a deliberative process.").  The privilege does not

extend to the facts on which an agency's decisions are based.  *Lewis v. City of*

*Detroit,* 234 F.R.D. 157, 160 (E.D. Mich. 2006).

Defendants have the burden of proving that the privilege applies, which

means they must show that the documents to be protected are both deliberative and

pre-decisional.  *Nelson v. City of Madison Heights*, 2015 WL 13022177, at *3

(E.D. Mich. Jan. 12, 2015).  Defendants insist that disclosure of internal affairs

investigation documents and disciplinary records "would have an adverse effect on internal investigations and departmental self-evaluation, and would under the Department's investigative process and law enforcement efforts by discoursing officers and citizens from providing and discussing that information." (ECF No. 24, PageID.195-96).

True, "[t]he primary purpose served by the deliberative process privilege is to encourage candid communications between subordinates and superiors." *Schell v. U.S. Dep't of Health & Human Servs.*, 843 F.2d 933, 939 (6th Cir. 1988). But this privilege does not protect the disclosure of facts. Thus, purely factual material in the documents must be produced including the decisions made because neither are part of a protectable "deliberative process." *See Perry v. City of Detroit*, 2011 WL 4345239, at *6 (E.D. Mich. Sept. 16, 2011) (requiring production of "purely factual" portions of police department internal affairs reports). Supplemental production must be completed **within 14 days** of this Order.

Defendants argue that their supervisors' personnel files are irrelevant because no supervisors were present at the scene and cannot be held responsible for the actions of their subordinates. (ECF No. 24, PageID.192-93). They ignore Plaintiff's *Monell* claim. Plaintiff asserts that the files are relevant to demonstrate a pattern of inadequate supervision, investigation, and discipline against the municipality. (ECF No. 25, PageID.219). Thus, it is reasonable that Plaintiff

wants to see the supervisors' files to determine whether there was a custom or practice of tolerance at the police department.

Defendants next object to producing theirs and their supervisors' personnel files because they have a privacy interest in their personal information and because the files are irrelevant to whether excessive force was used. (ECF No. 24, PageID.193). As discussed above, the supervisors' files perhaps contain some relevant information for the *Monell* claim. Plaintiff insists that the officers' files are relevant to whether he was assaulted; the officers' state of mind, intent, justification, and credibility; and the nature and scope of findings from the city's investigation of use of force. (ECF No. 25, PageID.218-19). The officers' files are relevant, too. At the very least, as Plaintiff mentions, there could be information relevant to credibility. And the files could contain information relevant to the *Monell* claim, if nothing else.

As for the privacy concerns, Defendants are correct that certain information in police officer personnel files must be kept confidential. *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1069 (6th Cir. 1998). Plaintiff cannot obtain their personal information such as addresses, social security numbers, financial information, and the like. But Plaintiff is not asking for that information. And Plaintiff offered to stipulate to a protective order to restrict disclosure of confidential or sensitive information, but Defendants ignored the offer.

6

Personal information (addresses, phone numbers, and driver's licenses, as well as the names, addresses, and phone numbers of their family members, etc.) may be redacted, but the rest of the information in the personnel files must be produced. Defendants have not shown that producing the non-personal information would pose a risk of serious harm to any of the officers. *See Wynes v. City of Royal Oak*, 2017 WL 2222551, at *2-3 (E.D. Mich. May 22, 2017) (Murphy, J.). Supplemental production must be completed **within 14 days** of this Order. Defendants should also review Plaintiff's proposed protective order, and the parties should submit a proposed order for entry on the docket.

All of the above is conditioned, of course, on the documents existing. If responsive documents do not exist, Defendants must clearly say so in response to the request.

C.     Interrogatories

Defendants challenge Interrogatories 1 and 2. Though Plaintiff did not address these interrogatories in his reply, the Court assumes the dispute still exists.

Interrogatory No. 1 asks for the Defendant officers' employment background and information about any reprimands or terminations during his/her tenure with the City of Port Huron, including those related to the incident at issue. In their supplemental response to the interrogatory, Defendants objected that the

request for reprimands and terminations, etc., seeks irrelevant information, but provided police reports in response.  (ECF No. 24-1, PageID.207-08).

This interrogatory seeks the kind of information sought through the RFPs addressed above; in short, the information is relevant and must be provided to the extent that the information is unclear from the documents produced.

Interrogatory No. 2 seeks every fact that justifies or explains why any of the defendants took certain actions, such as touching, punching, striking, or arresting Plaintiff.  In supplemental their response, Defendants pointed Plaintiff to the police reports and videos.  (*Id.* at PageID.209).  Plaintiff argues that this interrogatory is relevant to the excessive force claim and Defendants' qualified immunity, self-defense, and provocation affirmative defenses.  (ECF No. 22, PageID.110).  Defendants insist that the police reports show, in narrative form, why they took their actions.  (ECF No. 24, PageID.202).

Defendants must supplement responses to this interrogatory **within 14 days** of this Order.  Statements in a police report carry little to no evidentiary value to Plaintiffs.  On the other hand, should he seek summary judgment or in response to such a motion, Plaintiff could rely on answers to signed interrogatories and other discovery.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Interrogatory responses also allow the officers a chance to review their reports, correct any errors, and further factually develop their view of the events.

D.     Citizen Grievances

Plaintiff requested all citizen grievances concerning allegations of excessive force or wrongful detention by Defendants (RFP 6).  Defendants insist that citizen grievances unrelated to the facts here are irrelevant to the excessive force claim. (ECF No. 24, PageID.199-200).  In his reply, Plaintiff argues that citizen complaints are relevant to establishing a pattern of inadequate supervision, investigation, and discipline relevant to his *Monell* claim.  (ECF No. 25, PageID.219).  Here, too, Defendants did not address relevance to the *Monell* claim. Plaintiff's point is well taken.  Citizen complaints against the Defendant officers about excessive force or wrongful detention are relevant and must be produced **within 14 days** of this Order.

E.     Sanctions

Plaintiff asks for sanctions under Fed. R. Civ. P. 37(d) and Local Rule 7.3(a).  He argues that counsel wrote to defense counsel twice explaining the deficiencies in the objections and offered to stipulate to a protective order to protect private information.  Defendants did not respond.  (ECF No. 22, PageID.111).  Defendants insist that they properly objected to requests and are under no obligation to consent to an order to compel.  (ECF No. 24, PageID.203).

Rule 37(d) provides for imposition of sanctions for a party's failure to serve responses or objections to interrogatories.  Defendants responded to

9

interrogatories, but not to Plaintiff's liking (with good reason since the motion to compel was granted).  Since Defendants responded, sanctions under Rule 37(d) are unavailable.  That said, Rule 37(a)(5)(A) provides for a mandatory award of reasonable expenses incurred in bringing the motion to compel, after an opportunity to be heard.  This award is mandatory unless nondisclosure or objections were substantially justified or other circumstances make an award unjust.

The Court will award reasonable expenses to Plaintiff for the costs and fees incurred in drafting and filing the motion, but nothing more.  As shown above, the Court does not view Defendants' positions to have been substantially justified. The parties are directed to confer on costs and fees.  If no agreement is reached, Plaintiff must file a bill of costs supporting their costs and fees.  Defendants must respond within 14 days of service of the bill of costs.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to

10

a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.


Date: November 6, 2024                    s/Curtis Ivy, Jr.
                                          Curtis Ivy, Jr.
                                          United States Magistrate Judge