UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES REID,

    Plaintiff,

v.

OFFICER TRISTAN SHOUDY ET AL.,

    Defendants.
_____/

Case No. 23-cv-11358

Hon. Sean F. Cox
United States District Court Judge

**OPINION & ORDER**
**OVERRULING DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL (ECF No. 34)**

The defendants in this civil action object to a magistrate judge's rulings on the plaintiff's motion to compel discovery. But those rulings were not clearly erroneous, so the defendants' objections are overruled.

**BACKGROUND**

Plaintiff Charles Reid alleges that a police officer, Tristan Shoudy, punched him in the face on November 9, 2022, while Officers Brandon Pomranke, Nate Tomlinson, and Kyle Whitten stood by and watched. Reid now seeks damages from those officers (together, "Officers") and their employer, the City of Port Huron, Michigan ("City"), under 42 U.S.C. § 1983 for violating his constitutional right to be free from excessive force. Discovery in this action began in October 2023.

Reid served Defendants with requests to produce documents and interrogatories. As relevant here, Reid asked Defendants to produce: (1) any so-called "*Garrity* statements" by the Officers; (2) any internal-investigation records stemming from the Officers' encounter with him on November 9, 2022; (3) the Officers' and their supervisors' "discipline file[s]"; and (4) the

1

Officers' and their supervisors' "personnel file[s]." (ECF No. 22-2, PageID.120). Reid also asked Defendants to explain any physical contact that the Officers had with him on November 9, 2022, and whether the Officers submitted a warrant for his arrest (Interrogatory #2). Defendants objected to these discovery requests, and Reid moved to compel. The Court referred Reid's motion to Magistrate Judge Curtis Ivy under 28 U.S.C. § 636(b)(1)(A), and Magistrate Judge Ivy addressed Defendants' objections in an order dated November 6, 2024:

*The Officers'* **Garrity** *Statements*. Reid's second request for production asks Defendants to "identify and provide all *Garrity* statements authored, generated or provided by any of the [Officers] or any other officer which concern or relate to the events alleged in [the] Complaint." (ECF No. 22-4, PageID.152). The parties agree that a "*Garrity* statement" is a statement made by a police officer to the officer's employer as a condition of continued employment, which *Garrity v. New Jersey* held is protected by the privilege against self-incrimination. 385 U.S. 493 (1967). Defendants objected that the Officers' *Garrity* statements were protected by *Garrity*, but Magistrate Judge Ivy recognized that the privilege against self-incrimination does not apply in civil cases.

*Internal Investigation Records*. Reid's ninth request for production asks Defendants to "identify and provide all statements, whether written or oral, which concern or relate to any of the events alleged in the Complaint and/or the November 9, 2022, encounter with Plaintiff." (ECF No. 22-4, PageID.156–57). And Reid's twelfth request for production asks Defendants to "identify and provide all Internal Affairs (IA) investigations, reports, recommendations and/or findings related to events alleged in the Complaint and/or the November 9, 2022, encounter with Plaintiff." (*Id.* at 157). The parties refer to these documents as "internal investigation" records. Defendants objected that any information in these records was protected by the deliberative-

process privilege, and Magistrate Judge Ivy observed that the deliberative-process privilege does not apply to purely factual material.[1]

***The Officers' and Their Supervisors' Discipline Files.*** Reid's fourteenth request for production asks Defendants to "identify and provide all admonitions, reprimands, suspensions, terminations, and any other discipline received by, or imposed on, any individual for their role or part in the November 9, 2022, encounter with Plaintiff." (*Id.* at 158). Reid's twenty-second request for production asks Defendants to "identify and produce all documents and communications which describe any and all disciplinary action, if any, imposed or taken against any of the individually named officers and/or other officers (i.e., supervisors) related to the November 9, 2022, encounter with Plaintiff." (*Id.* at 162). And Reid's first request for production seeks the Officers' and their supervisors' "discipline file[s]." (*Id.* at 151). Thus, Reid sought information about any discipline that the Officers and their supervisors received in connection with their interaction with him on November 9, 2022, *and* information about discipline that the Officers and their supervisors received *on other occasions*.[2]

Defendants objected that the discipline files, like the internal-investigation documents, were shielded by the deliberative-process privilege. Magistrate Judge Ivy disagreed with this

---

[1] Reid's first request for production sought the "Chief's file, and/or investigatory file, Internal Affairs (IA) file, and/or Force Investigation Unit (FIU) file" for the Officers and their supervisors. (ECF No. 22-4, PageID.151). This request is arguably broader than Reid's ninth and twelfth requests insofar as it is not limited to documents concerning the Officers' interaction with him on November 9, 2022. But Magistrate Judge Ivy only addressed Reid's request for "any internal affairs documents *about the incident*." (ECF No. 26, PageID.223 (emphasis added)).

[2] A letter that Reid's counsel sent to counsel for Defendants (ECF No. 22-5) and Reid's motion to compel both state that Reid seeks the Officers' and their supervisors' entire discipline files. And Magistrate Judge Ivy discussed Reid's request for the Officers' and their supervisors' "discipline files" without the "about the incident" qualifier that he used to describe Reid's request for the internal-investigation records. (ECF No. 26, PageID.223).

3

objection for the same reasons that he disagreed with Defendants' deliberative-process-privilege objection to producing the internal-affairs documents.

***The Officers' and Their Supervisors' Personnel Files.*** Reid's first request for production asks Reid to "identify and produce the employee/personnel file[s]" for the Officers and their supervisors. (*Id.* at 151). In his motion to compel, Reid argued that these files would show the training that the Officers and their supervisors received. Defendants objected that the personnel files only contained irrelevant, private information. Magistrate Judge Ivy determined that information in the personnel files could help Reid prove that the City had a policy or custom of violating constitutional rights and that the proper remedy for Defendants' privacy concerns was a protective order.

***Interrogatory #2.*** Defendants objected that Interrogatory #2 would not provide any relevant information that was not contained in police reports and video footage that they had already provided to Reid. Magistrate Judge Ivy determined that Defendants' police reports had little evidentiary value and that their answers to Interrogatory #2 would help the parties' flesh out whether they genuinely disputed any material facts.

Magistrate Judge Ivy ultimately granted Reid's motion to compel in full and awarded Reid any expenses he had incurred litigating his motion to compel. Defendants now object to Magistrate Judge Ivy's rulings on Reid's motion to compel. Defendants' objections have been fully briefed, and the Court overrules them for the following reasons.

## STANDARD OF REVIEW

A magistrate judge's ruling on "[a] non-dispositive pretrial motion such as a discovery motion" is reviewed using "the 'clearly erroneous' standard." *Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir. 1985) (emphasis omitted) (quoting 28 U.S.C. § 636(b)(1)(A)).

4

## ANALYSIS

The Federal Rules of Civil Procedure permit parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If "a party fails to answer an interrogatory" or "produce documents," then "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." *Id.* r. 37(a)(3)(B)(iii), (iv). And "[i]f the motion is granted," then a court may require the nonmovant to "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless an exception applies. *Id.* r. 37(a)(5)(A). Here, Magistrate Judge Ivy's resolution of Reid's motion to compel was not clearly erroneous.

**I.      Reid's Requests for Production of Documents**

Parties may request the production of documents containing information that is discoverable under Rule 26(b). Fed. R. Civ. P. 34(a). An opposing party who wishes to resist such a request must "state with specificity the grounds for objecting to the request, including the reasons," *id.* r. 34(2)(B), and any untimely objections are waived, *see Boles v. Aramark Corr. Servs., LLC*, No. 17-1919, 2018 WL 3854143, at *5 (6th Cir. Mar. 19, 2018). Here, Defendants objected to Reid's requests for *Garrity* statements, internal-investigation records, discipline files, and personnel files.

**A.      The Officers'** ***Garrity*** **Statements**

Defendants argue that Magistrate Judge Ivy's order to produce the Officers' *Garrity* statements was clearly erroneous for five reasons. *First*, because *Garrity v. New Jersey* protects the statements from disclosure.[3] But *Garrity* would not justify resisting Reid's request to

---

[3] Defendants buttress their reliance on *Garrity* with state law, but they waived any reliance on state law by failing to preserve it in their initial objections to Reid.

produce the statements unless *Garrity* instructed that they were not discoverable under Rule 26(b). But *Garrity* was about the privilege against self-incrimination, and Magistrate Judge Ivy correctly observed that that privilege doesn't apply in civil proceedings. *See, e.g.*, *Perry v. City of Pontiac*, No. 07-14036, 2012 WL 161973, at *4 (E.D. Mich. Jan. 19, 2012).

*Second*, Defendants protest that Magistrate Judge Ivy never considered public policy considerations that they discussed. But Defendants waived these challenges by failing to preserve them in their initial challenges to Reid.

*Third*, Defendants argue that their *Garrity* statements do not contain any relevant information that is not already contained in video footage and police reports that they produced to Reid.[4] But Defendants concede that *Garrity* statements describe a police officer's narrative of some event to his or her supervisor, and it follows that such statements from the Officers could reveal information about the City's customs and policies. Thus, the Officers' *Garrity* statements could contain relevant information that is absent from the video footage and police reports.

*Fourth*, Defendants contend that their production of the Officers' *Garrity* statements would be disproportionate to the needs of this case.[5] But Defendants do not explain this objection beyond their naked assertion that "the burden or expense of compelling the Garrity Internal Affairs statements outweighs the likely benefit." (ECF No. 34, PageID.830).

*Fifth* and last, Defendants argue for the first time that the only documents they possess that memorialize *Garrity* statements by the Officers is a "post-incident report" prepared by the Officers' supervisors, and that these reports do not qualify as *Garrity* statements at all. (*Id.* at

---

[4] Magistrate Judge Ivy did not directly address this objection, but Defendants preserved a relevancy objection in their initial objections to Reid and response to Reid's motion to compel.
[5] Magistrate Judge Ivy did not directly address this objection, but Defendants preserved it in their initial objections to Reid and response to Reid's motion to compel.

831). What Defendants believe this assertion adds to the calculus is unclear, given that Magistrate Judge Ivy properly overruled all their timely objections to producing the Officers' *Garrity* statements.⁶ At this stage, the Court need not address whether such statements exist unless and until Reid seeks some sanction for Defendants' failure to comply with Magistrate Judge Ivy's order.

### B. Internal-Investigation Records

Defendants argue that Magistrate Judge Ivy's order to produce the internal-investigation records was clearly erroneous for three reasons. *First*, because the deliberative-process privilege protects those records. "[T]he deliberative process privilege shields from disclosure 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 267 (2021) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)). But "'purely factual, investigative matters' that are 'severable without compromising the private remainder of the documents' do not enjoy the protection of the" privilege. *Norwood v. FAA*, 993 F.2d 570, 577 (6th Cir. 1993) (quoting *EPA v. Mink*, 410 U.S. 73, 89, 91 (1973)).

As relevant here, courts have recognized that facts are not severable from protected decisional information if such facts are "inextricably intertwined with the process by which policy [was] made or if the manner of selecting or presenting the facts would reveal the deliberative process." *Dowd v. Calabrese*, 101 F.R.D. 427, 430–31 (D.D.C. 1984). Magistrate Judge Ivy ruled that Defendants must produce any purely factual material in the internal-

---

⁶ Defendants do not argue that they have good cause to bring any objections belatedly.

investigation records, and Defendants argue that such facts are intertwined with and would reveal deliberative information.

Magistrate Judge Ivy's ruling with respect to the internal-investigation records was not clearly erroneous. The deliberative-process privilege only extends to information that "compris[es] part of a process by which *governmental decisions and policies are formulated*." *Hoban v. Sprague*, No. 18-cv-12011, 2019 WL 3219709, at *3 (E.D. Mich. July 17, 2019) (emphasis added) (quoting *Dep't of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001)). Here, the City's then-chief of police, Joseph Platzer, testified that he was not aware of any policy changes that had been implemented because of the Officers' interaction with Reid, and Defendants offer no evidence showing otherwise. (ECF No. 36-4, PageID.922). It follows that the internal-investigation records are not privileged because their creation never led to any policy change.

*Second*, Defendants object that the internal-investigation records would not contain any relevant information.[7] But information showing how the City investigated the Officers' interaction with Reid would be relevant to Reid's claim against the City.

*Third* and last, Defendants argue that miscellaneous public-policy concerns excuse their failure to produce the internal-investigation records. But Defendants waived these objections by failing to preserve them in their initial objections to Reid.

C. **The Officers' and Their Supervisors' Discipline Files**

As discussed above, Magistrate Judge Ivy ordered Defendants to produce the Officers' and their supervisors' entire discipline files, including information about the Officers' interaction with Reid on November 9, 2022, and any other incidents involving the Officers and their

---

[7] Magistrate Judge Ivy did not directly address this objection, but Defendants preserved it in their initial objections to Reid and response to Reid's motion to compel.

supervisors. Here, Defendants only object to Magistrate Judge Ivy's ruling concerning the "discipline records regarding this incident." (ECF No. 34, PageID.831). Thus, Defendants waive any objection to Magistrate Judge Ivy's order to produce discipline information regarding other incidents.

Defendants object to Magistrate Judge Ivy's order to produce the Officers' and their supervisors' discipline files for the same reasons that they object to Magistrate Judge Ivy's order to produce the internal-investigation records. Those objections fail for the reasons discussed above.

### D. The Officers' and Their Supervisors' Personnel Files

Defendants separately address Magistrate Judge Ivy's order to produce the Officers' personnel files and his order to produce the Officers' supervisors' personnel files. Defendants argue that Magistrate Judge Ivy's order to produce the Officers' personnel files was clearly erroneous for five reasons. *First*, Defendants argue that Reid only clearly requested personnel files for Officer Shoudy but not Officers Pomranke, Tomlinson, and Whitten. But Defendants waived this objection by failing to preserve it in their response to Reid's motion to compel.

*Second*, Defendants object that they already produced the Officers' "training file[s]." (ECF No. 34, PageID.839). But again, Defendants waived this objection by failing to raise it in their initial objections to Reid.

*Third*, Defendants object that the Officers' personnel files contain private information. But the Court agrees with Judge Ivy that a protective order would remedy these concerns.

*Fourth*, Defendants argue that the Officers' personnel files don't contain any relevant information. But Reid alleges that those files contain training information, and Defendants carefully avoid denying this allegation. And the Court agrees with Magistrate Judge Ivy that

9

information about the training that that Officers received would be relevant to Reid's municipal-liability claim.

*Fifth* and last, Defendants argue that producing the Officers' personnel files would not be "proportional."[8] (ECF No. 34, PageID.839). Because this is the extent of Defendants' disproportionality objection, it is undeveloped.

Defendants object to Magistrate Judge Ivy's order to produce the Officers' supervisors' personnel files for largely the same reasons that they object to Magistrate Judge Ivy's order to produce the Officers' personnel files, and those objections fail for the same reasons.

\* \* \*

The Court shall overrule Defendants' objections to Magistrate Ivy's order to produce documents.

## II. Interrogatory #2

Parties may propound interrogatories to obtain information that is within the scope of Rule 26(b). Fed. R. Civ. P. 33(a)(2). A party may oppose an interrogatory by serving the opposing party with a "specific[]" objection, and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." *Id.* r. 33(b)(4). Here, Defendants objected to Interrogatory #2, which asked them to explain any physical contact that the Officers had with Reid and whether the Officers submitted a warrant request for him.

Defendants object that Magistrate Judge Ivy's order to answer Interrogatory #2 undermines Federal Rule of Civil Procedure 33(d) and Federal Rule of Evidence 803(8). But Defendants waived this objection by failing to raise it in their initial objections to Reid. The Court shall overrule Defendants' objection to Judge Ivy's order to answer Interrogatory #2.

---

[8] Magistrate Judge Ivy did not directly address this objection, but Defendants preserved it in their initial objections to Reid and response to Reid's motion to compel.

### III.     Sanctions

"If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions," such as ordering the noncompliant party to "pay the movant's reasonable expenses incurred in making the motion [to compel], including attorney's fees." Fed. R. Civ. P. 37(3)(A), (5)(A).  Because Magistrate Judge Ivy properly granted Reid's motion to compel, he also properly sanctioned Defendants unless, for example, their failure to comply was "substantially justified." *Id.* r. 37(5)(A)(3).  Defendants argue that their failure to comply with Reid's discovery requests was "well articulated," but they do not explain why Magistrate Judge Ivy's contrary finding was clearly erroneous.  (ECF No. 34, PageID.849).

The Court shall overrule Defendants' objection to Magistrate Judge Ivy's order imposing sanctions.

### CONCLUSION & ORDER

None of Magistrate Judge Ivy's rulings on Reid's motion to compel were clearly erroneous.  Accordingly, **IT IS ORDERED** that Defendants' objections to those rulings (ECF No. 34) are **OVERRULED**.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  January 27, 2025