UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES REID, | Case No. 23-11358 |
| Plaintiff, | |
| v. | Sean F. Cox |
| | Chief United States District Judge |
| TRISTAN SHOUDY, *et al.*, | |
| Defendants. | Curtis Ivy, Jr. |
| _____/ | United States Magistrate Judge |

## ORDER ON BILL OF COSTS

On November 6, 2024, the Court granted Plaintiff's motion to compel concerning investigative materials. (ECF No. 26). The Court awarded Plaintiff his reasonable costs and fees with this directive: "the Court will award reasonable expenses to Plaintiff for the costs and fees incurred in drafting and filing the motion, but nothing more." (*Id.* at PageID.231). The parties were directed to confer on costs and fees, and if no agreement was reached, Plaintiff was directed to file a bill of costs.

Plaintiff submitted a bill of costs seeking $16,640.00 in costs and fees. Defendants object on the grounds that Plaintiff's counsel did not attempt to confer on costs and fees and that the asserted hours and hourly rate are excessive. (ECF No. 35).

The Court agrees in part. But first, Plaintiff's counsel did attempt to confer on costs and fees. He sent Defendants' counsel an email a day after the Order

granting the motion was filed seeing to confer on costs and fees. (*See* ECF No. 32-1, PageID.807). This attempt to confer satisfies the Court's requirement.

Now to the award. If the court grants a Rule 37 motion to compel, then the Court "must, after giving an opportunity to be heard, require the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel, yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). The Court uses the "lodestar" method to determine the appropriate amount of attorney fees, which multiples the number of hours reasonable expended by a reasonable hourly rate. *See Barnes v. City of Cincinnati*, 401 F.3d 729, 745 (6th Cir. 2005).

A. <u>Reasonable Hourly Rate</u>

In examining the "reasonable hourly rate" component of the lodestar method, the Court looks to the "prevailing market rate in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The prevailing market rate is "that which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Addock-Ladd*, 227 F.3d at 350. The Court turns to the State Bar of Michigan's 2023 Economics of Law

2

Practice summary report to determine reasonable prevailing rates in the community for similar services.[1] *See* https://perma.cc/2P5X-FENH; *see also Hazzard v. Schlee & Stillman, LLC*, 2014 WL 117411, at *3 (E.D. Mich. Jan. 13, 2014) (noting that the Eastern District generally accepts the State Bar of Michigan's Economics of Law Practice Survey as its benchmark to determine reasonable hourly rates for attorneys).

Plaintiff's counsel asks for $650 per hour. Counsel notes that he has been admitted to practice in Michigan since 1985 and is a successful solo practitioner. (ECF No. 32-1, PageID.804-05). He bases the $650 hourly rate on the 95th percentile in the Economics of Law Practice survey for location (Detroit) and area of practice (plaintiff's employment litigation). (*Id.* at PageID.805-06).

Defendants argue that rate is excessive. They look to the median and 75th percentile hourly rates for civil rights litigators in Michigan and for attorneys with an office in Downtown Detroit. (ECF No. 335, PageID.874).

The Court will reduce the hourly rate. Because the motion raised no novel or complex issues, and the purpose of awarding costs and fees is not the punish the losing party, the Court finds an average hourly rate to be reasonable. The average rate for a solo practitioner working outside the home office is $311. The average for an attorney with over 35 years in practice is $339. The average hourly rate for

---

[1] Defendants cite the 2020 version of the survey. The 2023 version applies here.

a civil rights attorney is $381.[2] The average of these three numbers is $344. This is a reasonable rate that will be used to calculate Plaintiff's award.

    B.    <u>Reasonable Hours Expended</u>

Plaintiff seeks recover for 25.60 hours of work. Most of that time was spent on tasks other than "drafting and filing the motion."

Plaintiff's time entries for 7.9 hours in January 2024 are not recoverable. That time was spent "in preparation of initial draft" of a deficiency letter. Researching and drafting a deficiency letter months before the motion to compel was filed goes beyond the scope of the Order. Those 7.9 hours will be subtracted.

Also summarily subtracted are the entries for time spent reviewing Defendants' response and in drafting a reply brief—neither of these tasks are "drafting and filing the motion." The 6.1 hours spent on those tasks will be subtracted.

The summary subtractions total 14 hours.

This leaves 11.6 hours claimed for researching and drafting the motion to compel. Defendants do not contest the propriety of the entries for 5.50 hours spent preparing the initial draft, 3.20 hours spent reviewing and revising the draft and

---

[2] The Court looks to the average for a civil rights practitioner rather than a plaintiff's employment litigator because this case involves civil rights, not employment rights.

including exhibits, and .80 hours finalizing the draft. (ECF No. 35, PageID.870). This totals 9.5 hours.

Defendants argue, however, that 9.5 hours is excessive. They assert, without support, that an attorney admitted to the bar in 1985 should not need to spend so much time researching and drafting a "rudimentary" motion to compel. (*Id.* at PageID.873). Though motions to compel are often straightforward, and the motion here did not raise complex issues, 9.5 hours is not an excessive amount of time to draft and file a motion to compel. *Myers v. SSC Westland Operating Co., LLC*, 2015 WL 3915797, at *4 (E.D. Mich. June 25, 2015) (finding 17 hours excessive without explanation for the hours); *Martin v. Lincor Eatery, Inc.*, 2018 WL 4658996, at *4 (E.D. Mich. Sept. 28, 2018) (23 hours to draft 8-page "straightforward" motion was excessive; 11.5 hours was awarded.). The requested 9.5 hours is accepted.

Defendants challenge the remaining 2.1 hours spent reviewing emails between counsel about the deficiency letter and reviewing research conducted in January 2024. The Court will allow these hours. It is in the normal course to review communications leading up to a discovery dispute before drafting a motion regarding that dispute. That .70 hours is accepted. So too are the 1.40 hours reviewing case law relevant to the legal issues addressed in the motion to compel.

This leaves a total of 11.6 hours.

5

Multiplying 11.6 hours by $344 equates to $3,990.40. Defendants (or their counsel) are required to pay Plaintiff $3,990.40 by **February 14, 2025**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: January 28, 2025

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge